**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

KENNY HALFACRE,
ADC #84410                                                                                                PLAINTIFF

V.                                       5:14CV00191-DPM-JTK

RAY HOBBS, et al.                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.  Introduction

Plaintiff Halfacre, a state inmate confined at the Varner Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, claiming the ADC disciplinary procedures violate his Fourteenth Amendment equal protection and due process rights. Plaintiff asks for injunctive relief from Defendants. By Order dated June 30, 2014, this Court dismissed Plaintiff's equal protection claim, and dismissed all claims against Defendants Waddle and Minor. (Doc. No. 6). Service was ordered on Plaintiff's due process claim against Defendants Hobbs and Naylor, about automatic extra rule violations. (Doc. No. 8).

Pending before the Court is the Motion to Dismiss for Lack of Jurisdiction, filed by Defendants Hobbs and Naylor (Doc. No. 14), to which Plaintiff has responded (Doc. No. 17).

Plaintiff alleges in his Complaint that the ADC disciplinary procedures violate due process because each individual charged with a disciplinary violation arbitrarily receives an additional charge of failure to obey a verbal/written order of staff. This causes substantial penalties for those who commit even the most minor disciplinary violations. In explaining his claim, Plaintiff refers

to the common practice of adding charges to those found in possession of tobacco products, thereby converting a minor charge to a serious one.

## II.     Motion to Dismiss

FED.R.CIV.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007) (overruling Conley v. Gibson, 355 U.S. 41 (1967), and setting a new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face. Twombly, 550 U.S. at 570. See also Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008).

### A.     Defendants' Motion (Doc. No. 14)

In support of their Motion, Defendants state Plaintiff's Complaint should be dismissed for lack of jurisdiction, because he does not allege that he has been disciplined for possessing tobacco during his incarceration, a fact supported by his disciplinary record. Therefore, Defendants state Plaintiff lacks standing to challenge the alleged practice, and to bring claims on behalf of other inmates. Plaintiff's failure to identify a specific disciplinary proceeding on which he bases his Complaint renders it impossible to determine whether he filed his claim within the limitations period or whether he exhausted his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.

**B.     Plaintiff's Response (Doc. No. 17)**

In his Response, Plaintiff states that his Complaint has nothing to do with a disciplinary for tobacco possession, although he acknowledges he was charged with such in November 2008, but never convicted.[1]  He clarifies that "the essence" of his Complaint is that Defendants are adding automatic rule violations to every disciplinary report without any notice or authorization. (Doc. No. 17, p. 2.)

**C.     Analysis**

In Iqbal, supra, the court state that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. at ___, 129 S.Ct. at 1949.  In addition, the court stated that legal conclusions must be supported by factual allegations.  Id.

 As noted by Defendants, the Plaintiff bears the burden of establishing that he has standing, that is, that he suffered a "concrete and particularized" injury that is "actual and imminent."  Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).  In addition, Plaintiff must allege a causal connection between the conduct complained of and an injury, which can be "redressed by a favorable decision."  Id. at 560.

Finally, in order to support a claim under § 1983, Plaintiff must allege that a person acting under the color of state law deprived the Plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  Plaintiff cannot bring claims on behalf of other inmates, but rather, must assert the violation of his own legal rights and

---

[1]The Court notes that any claim based on that 2008 disciplinary would be barred by the three-year statute of limitations applicable to actions filed pursuant to 42 U.S.C. § 1983. See Morton v. City of Little Rock, 934 F.2d 180, 182 (8th Cir. 1991), ARK. CODE ANN. §16-56-105.

interests.  Smith v. Unknown, No. 06-1046, 2006 WL 3248270 (W.D.Ark. 2006).

In this case, Plaintiff never alleges or claims that he was charged with and convicted of a disciplinary where Defendants tacked on a rule violation which increased the penalty without due process of law.  While he appears to try and explain the extent of the practice by referring to incidents involving charges of tobacco possession, he does not allege that he personally was charged with a tobacco disciplinary, or any other disciplinary where the penalty was enhanced by a rule violation.

Plaintiff also does not identify a liberty interest which has been violated.  In Sandin v. Conner, the United States Supreme Court held that there is no federal constitutional liberty interest in having state officers follow state law or prison officials follow prison regulations.  515 U.S. 472, 483-4 (1995).  Rather, a prisoner may have a liberty interest in the nature of his confinement, but not in the procedures used to determine his confinement.  Kennedy v. Blankenship, 100 F.3d 640, 643 (8th Cir. 1996).  As set forth in Sandin, such liberty interests are limited to "freedom from restraint which, ..., nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 484.

Here, Plaintiff's due process allegation constitutes a challenge to procedures used to determine an inmate's confinement, and therefore, does not constitute a protected liberty interest.  In addition, absent facts to support a finding that he has been subjected to restraint which imposes atypical and significant hardship in relation to the ordinary incidents of prison life, as set forth in Sandin, he does not successfully allege a due process violation.

**III.   Conclusion**

IT IS, THEREFORE,  RECOMMENDED that:

1.Defendants' Motion to Dismiss (Doc. No. 14) be GRANTED, and Plaintiff's Complaint be DISMISSED without prejudice.

2.Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3.The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 30th day of September, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2] The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.